**LAWRENCE C. HERSH**
Attorney at Law
17 Sylvan Street, Suite 102B
Rutherford, NJ  07070
(201) 507-6300
*Attorney for Plaintiff, and all others similarly situated*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

―――――――――――――――――――――X
:
SCOTT MADLINGER, on behalf of himself and     :
all others similarly situated,                :
:
                Plaintiff,                     :  Civil Action No.
:
vs.                                           :  **CLASS ACTION COMPLAINT AND**
:  **JURY TRIAL DEMAND**
LYONS, DOUGHTY & VELDHUIS, P.C.,              :
                Defendant.                     :
:
―――――――――――――――――――――X

Plaintiff SCOTT MADLINGER (hereinafter "Plaintiff"), on behalf of himself and all others similarly situated, by and through his undersigned attorney, alleges against the above-named Defendant LYONS, DOUGHTY & VELDHUIS, P.C. (hereinafter "Defendant"), its employees, agents, and successors, the following:

**PRELIMINARY STATEMENT**

1.    Plaintiff brings this action for statutory damages and declaratory and injunctive relief arising from the Defendant's violation of 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3. Venue is proper in this district under 28 U.S.C. §1391(b) because jurisdiction is not founded solely on diversity of citizenship and Plaintiff resides in this jurisdiction.

## DEFINITIONS

4. As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## JURY DEMAND

5. Plaintiff demands a jury trial on all issues.

## PARTIES

6. The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

7. Plaintiff is a natural person and resident of Ocean County, in the State of New Jersey, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

8. Based upon information and belief, Defendant Lyons, Doughty & Veldhuis, P.C. ("Lyons") is a law firm with offices located in Mt. Laurel, New Jersey.

9. Based upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of

which is to attempt to collect debts alleged to be due another. Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. §1692(a)(6).

## CLASS ACTION ALLEGATIONS

10. Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all New Jersey consumers and their successors in interest (the "Class"), who have received debt collection letters and/or notices from the Defendant which are in violation of the FDCPA, as described in this Complaint.

11. This Action is properly maintained as a class action. The Class consists of:

- All New Jersey consumers who were sent collection letters and/or notices from Defendant on behalf of TD Bank USA, N.A. in a form substantially similar to attached Exhibit A and which included the alleged conduct and practices described herein.

- The Class period begins one year prior to the filing of this Action. The class definition may be subsequently modified or refined.

12. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from the Defendant that violate specific provisions of the

FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons (*See* **Exhibit A,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a. Whether Defendant violated various provisions of the FDCPA.

    b. Whether Plaintiff and the Class have been injured by the Defendant's conduct;

    c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing, and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories;

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class;

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class;

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted.  Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action;

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.  If the Defendant's conduct is allowed to proceed without remedy it will continue to reap and retain the proceeds of its ill-gotten gains;

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

### STATEMENT OF FACTS

13.     Plaintiff is at all times relevant to this lawsuit, a "consumer" as that term is

defined by 15 U.S.C. §1692a(3).

14. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Service, telephone and/or the Internet.

15. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

16. Sometime prior to December 6, 2018, Plaintiff allegedly incurred a financial obligation to TD Bank USA, N.A. (" TD Bank") related to a Target Credit Card Account. ("the Debt").

17. The Debt arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes. Plaintiff used the subject Target Credit Card at Target retail stores and/or the Target.com website, to purchase products, including health and beauty items, pet supplies and other household goods.

18. The Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

19. TD Bank is a "creditor" as defined by 15 U.S.C. § 1692a(4).

20. Sometime prior to December 6, 2018, 2018, TD Bank either directly or through intermediate transactions assigned, placed or transferred the Debt to Defendant for collection.

21. At the time the Debt was assigned, placed or transferred to Defendant, the Debt was in default.

22. Defendant caused to be delivered to Plaintiff a letter dated December 6, 2018 concerning the alleged Debt, which sought to collect an amount owed of $1036.21. Attached as Exhibit A is a copy of the December 6, 2018 collection letter.

23. The December 6, 2018 collection letter was Defendant's initial communication to Plaintiff for the Debt.

24. The December 6, 2018 collection letter was sent or caused to be sent by a person employed by Defendant as a "debt collector" as defined by 15 U.S.C. § 1692a(6).

25. The December 6, 2018 letter was a "communication" as defined by 15 U.S.C. § 1692a(2).

26. Upon receipt, Plaintiff read the December 6, 2018 collection letter.

27. The December 6, 2018 letter states:

> We have been advised that your account is in default. Your balance as of December 6, 2018 is $1,036.21. **Your balance may increase in the future due to charges allowed by your agreement and/or by law.**

(emphasis added).

28. At the time that Defendant sent the December 6, 2018 collection to Plaintiff, the Target credit card had already been charged off by TD Bank.

29. Since the Target credit card had already been charged off by TD Bank, Plaintiff would no longer incur any fees, interest or other charges with respect to the Target

30. Thus, the statement in the December 6, 2018 collection letter that, "Your balance may increase in the future due to charges allowed by your agreement and/or by law" was false, deceptive and/or misleading since the account balance would not increase.

31. Additionally, under section 1692g of the FDCPA, the initial collection letter must identify the name of the creditor to whom the debt is owed.

32. Yet, the December 6, 2018 collection letter fails to identify who the

creditor is, but rather simply identifies TD Bank without identifying TD Bank's relation to the debt and if it is the current creditor, the original creditor, both or neither.

33. Furthermore, since the December 6, 2018 collection letter was Defendant's initial communication to Plaintiff, the collection letter was also required under section 1692g of the FDCPA to contain the amount of the debt.

34. However, the collection letter's failure to identify by what amount the debt will increase was a violation of 1692(g).

35. Additionally, the threat of a balance increase overshadowed Plaintiff's rights within the meaning of section 1692g.

36. Plaintiff suffered injury in fact by being subjected to the unfair and abusive practices of Defendant.

37. Plaintiff suffered actual harm by being the target of Defendant's misleading debt collection communications.

38. Defendant violated Plaintiff's rights not to be the target of misleading debt collection communications.

39. Defendant violated Plaintiff's right to a trustful and fair debt collection process.

40. Under the FDCPA, Plaintiff had the right to receive certain information from Defendant regarding his or her rights under the FDCPA.

41. Defendant's communication was designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

42. Defendant's collection letters provided confusing and incorrect

information caused Plaintiff a concrete injury in that Plaintiff was deprived of her right to receive accurate and trustworthy information regarding her rights under the FDCPA.

43. Defendant's communications were designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

44. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived Plaintiff of his or her right to enjoy these benefits.

45. As a result of Defendant's conduct, Plaintiff suffered an actual, concrete injury as a result of Defendant's failure to provide Plaintiff information required under the FDCPA.

46. Plaintiff's receipt of a collection letter which provided incorrect, incomplete and confusing information constitutes a concrete injury.

47. The failure of Defendant to provide correct information impeded Plaintiff's ability to make a well-reasoned decision.

48. Defendant's failure to provide accurate information injured Plaintiff in that it impacted her ability to decide on how to proceed with respect to the matter – will he hire an attorney, represent himself, payoff the debt, engage in a payment plan, file for bankruptcy, etc.

49. The deceptive communication additionally violated the FDCPA since it

frustrated Plaintiff's ability to intelligently choose his or her response.

## POLICIES AND PRACTICES COMPLAINED OF

50. It is Defendant's policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

    (a)    Using false, deceptive or misleading representations or means in connection with the collection of a debt;

    (b)    By making false representations of the character or legal status of a debt;

    (c)    Using unfair or unconscionable means to collect or attempt to collect any debt and/or,

    (f)    failing to comply with the disclosure requirements of section 1692g

51. On information and belief, Defendant sent written communications in the form annexed hereto as Exhibit A to at least 30 natural persons in the State of New Jersey.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692 VIOLATIONS

52. Plaintiff repeats the allegations contained in paragraphs 1 through 51 as if the same were set forth at length.

53. Defendant violated 15 U.S.C. §1692 et seq. of the FDCPA in connection with its collection attempts against Plaintiff and others similarly situated.

54. By sending a collection letter, the same as or substantially similar to the December 6, 2018 collection letters, Defendant violated:

A. 15 U.S.C. §1692e, by using a false, deceptive or misleading representation or means in connection with the collection of any debt;

B. 15 U.S.C. §1692e(2)(A), by falsely representing the character, amount, or legal status of any debt;

C. 15 U.S.C. §1692e(2)(B), by falsely representing any services rendered or compensation which may lawfully be received by a debt collector for the collection of a debt;

D. 15 U.S.C. § 1692e(10) by using a false representation or deceptive means to collect or attempt to collect a debt from Plaintiff;

E. 15 U.S.C. §1692f by using unfair or unconscionable means to collect or attempt to collect any debt; and,

F. 15 U.S.C. §1692f(1), by collecting or attempting to collect any amount not expressly authorized by the agreement creating the debt or permitted by law;

G. 15 U.S.C. §1692g by failing to identify to who the current creditor of the debt is and to properly identify the amount of the debt; and

H. 15 U.S.C. §1692g(b) by engaging in collection activities and communications which overshadow or are inconsistent with the consumer's rights.

**WHEREFORE**, Plaintiff, on behalf of himself and others similarly situated, demands judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and attorney Lawrence Hersh, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class maximum statutory damages;

(c) Awarding pre-judgment interest;

(d) Awarding post-judgment interest;

(e) Awarding reasonable attorneys' fees, costs and expenses; and

(f) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated:   Rutherford, New Jersey
             December 5, 2019

>                              Respectfully submitted,
>
>                              By: s/ Lawrence C. Hersh
>                                   Lawrence C. Hersh, Esq.
>                                   17 Sylvan Street, Suite 102B
>                                   Rutherford, NJ  07070
>                                   (201) 507-6300
>                                   *Attorney for Plaintiff*

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Lawrence C. Hersh, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: December 5, 2019                    By: s/ Lawrence C. Hersh
                                                Lawrence C. Hersh, Esq

EXHIBIT A

**Lyons, Doughty & Veldhuis, P.C.**

136 Gaither Drive • Suite 100 • P.O. Box 1269 • Mt. Laurel, NJ 08054
Two Owings Mills Corp. Ctr. • 10461 Mill Run Circle • Suite 825
• Owings Mills, MD 21117
Email: info@ldvlaw.com • Website: www.ldvlaw.com
Toll-Free: (888) 322-3922 (NJ) Phone: (856) 222-0166 • Fax: (856) 222-1711 •
Reply to NJ Address

SCOTT MADLINGER



Re:  TD Bank USA N.A. (Target Credit Card Account)
     SCOTT MADLINGER
     Account No.: XXXXXXXXXXXX4833

Dear SCOTT MADLINGER :

Please be advised that this office represents TD Bank USA, N.A. in connection with your account.

We have been advised that your account is in default. Your balance as of December 06, 2018 is $1,036.21. Your balance may increase in the future due to charges allowed by your agreement and/or by law. Please feel free to contact us at any time for an updated payoff.

If you have any questions concerning this matter or if you wish to arrange for payment, please contact our office at (888)322-3922.

DATED: 12-6-2018                                  Very Truly Yours,

BY: _Hillary Veldhuis_                            BY:_____
____ David R. Lyons, Esquire                      ____ Lauren Linker Keating, Esquire
 X   Hillary Veldhuis, Esquire                    ____ Craig H. Lyons, Esquire
____ Laurie H. Lyons, Esquire                     ____ Keith Esposito, Esquire

**IMPORTANT NOTICE CONCERNING YOUR RIGHTS**

THIS FIRM LYONS, DOUGHTY AND VELDHUIS, P.C. IS A DEBT COLLECTOR. UNLESS YOU NOTIFY US WITHIN 30 DAYS AFTER THE RECEIPT OF THIS LETTER THAT THE VALIDITY OF THIS DEBT, OR ANY PORTION OF IT, IS DISPUTED, THIS FIRM WILL ASSUME THAT THE DEBT IS VALID. IF YOU DO NOTIFY US, IN WRITING, WITHIN 30 DAYS AFTER THE RECEIPT OF THIS LETTER THAT THE VALIDITY OF THIS DEBT OR ANY PORTION OF IT IS DISPUTED, THIS FIRM WILL OBTAIN VERIFICATION OF THE DEBT OR COPY OF A JUDGMENT AGAINST YOU AND MAIL THE VERIFICATION OR JUDGMENT TO YOU. ALSO, UPON YOUR WRITTEN REQUEST WITHIN 30 DAYS, THIS FIRM WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR IF DIFFERENT FROM THE CURRENT CREDITOR. THIS LETTER IS AN ATTEMPT TO COLLECT A DEBT, AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

| | | |
|---|---|---|
| David R. Lyons * | PAYMENTS AND INQUIRIES CAN BE MADE | Admitted in: |
| Stephen P. Doughty * ★ | ONLINE AT WWW.LDVLAW.COM | * New Jersey |
| Hillary Veldhuis * ★ | | ★ Delaware |
| Laurie H. Lyons * ▲ | | ▲ Maryland |
| Michele R. Gagnon ▲ | | |
| Lauren Linker Keating * ▲ | | |
| Craig H. Lyons* | | |
| Keith Esposito * | | |
| Nathan D. Willner, Of Counsel ▲ | | |

LDV_117      LDV File No. 18-57378